UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KOREY LEE HAMPTON                                    CIVIL ACTION

VERSUS                                               NO. 17-2782

UNIDENTIFIED PARTIES                                 SECTION "B" (4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Korey Lee Hampton ("Hampton"), was an inmate housed in the Tensas Parish Detention Center ("TPDC") at the time of filing. Hampton filed this *pro se* complaint under 42 U.S.C. § 1983 without naming any defendants and alleging that he was forced to drink from a contaminated water supply which also was used to cook the meals served to the inmates. Hampton did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

**II.    Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss

a claim, courts have traditionally considered the extent to which the petitioner, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

In this case, the petitioner is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotes omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

Hampton did not identify the defendants he seeks to call before the Court nor did he submit the required filing fee or request leave to proceed *in forma pauperis* in this action. The Clerk of Court sent a notice dated April 4, 2017 to Hampton at his address of record advising him that he was required to correct his deficient form complaint and to either pay the filing fee or complete and return a certified pauper application.[1] The Clerk of Court mailed this notice to Hampton at the address he provided on the complaint. The envelope addressed to Hampton was returned to

---

[1] Rec. Doc. No. 2.

the Clerk of Court on May 4, 2017 marked return to sender.[2] A member of the Clerk of Court's staff contacted TPDC to obtain a forwarding address for Hampton and was advised by prison personnel that Hampton had been released from custody and left no forwarding address.

The notice of deficiency was mailed to Hampton at the only address he provided to the Court. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. Hampton was made aware of this obligation by the Plaintiff's Declaration on page five of the form petition which he signed on March 26, 2017. He has not notified the Clerk's Office or the Court that he was released or his address changed. In addition, he still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Federal Rule of Civil Procedure 41(b) for his failure to prosecute.

## IV. Recommendation

It is therefore **RECOMMENDED** that Hampton's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[2]Rec. Doc. No. 3.

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 31st day of May, 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.